985 F.2d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
C. Patrick DUGAN; Gertrude Dugan, Plaintiffs-Appellants
v.
COUNTY OF SANTA CRUZ, et al., Defendants-Appellees
 No. 90-16577.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 12, 1993.
Decided Feb. 8, 1993.
 
 Appeal from the United States District Court for the Northern District of California; No. CV-90-20155-SW, Spencer M. Williams, District Judge, Presiding.
 N.D.Cal.
 AFFIRMED.
 Before ALDISERT,* GOODWIN and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This appeal from a dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure, of certain counts in a complaint and from adverse summary judgment as to all remaining counts require us to decide if appellants, C. Patrick Dugan and Gertrude Dugan, his wife, appearing pro se, were denied federal constitutional rights in their efforts to obtain a variance of a county zoning ordinance in order to remodel their residence by adding a second and third floor. We determine that the district court did not err, and affirm its judgment.
 
 I.
 
 3
 Appellants own a one-story house in Santa Cruz County, California. On November 18, 1988, they applied for a building permit, coastal zone approval and variance to remodel the house by adding a second and third floor. The zoning administrator initially approved the application, subject to certain conditions, on June 9, 1989. On June 23, a group of neighbors appealed the decision to the County of Santa Cruz Planning Commission. After a public hearing on July 26, the Planning Commission revoked the building permit.
 
 
 4
 Appellants sought review by the County Board of Supervisors. The Board held a public hearing on November 7, 1989, and declined to take jurisdiction of the appeal.[1] Appellants filed an action in state court and then filed the present action in federal court and withdrew the state court complaint. The federal complaint named the county, the Board of Supervisors, the Planning Commission and various individuals as defendants and requested a declaratory judgment that the defendants' actions were illegal and certain county ordinances were unconstitutional. Appellants also sought damages under 42 U.S.C. § 1983 and § 1988 for violations of their First, Fifth and Fourteenth Amendment rights; damages for inverse condemnation of their land; and an injunction requiring the defendants to issue the requested permit.
 
 
 5
 The district court dismissed the bulk of appellants' claims pursuant to Rule 12(b)(6), Fed.R.Civ.P., on July 11, 1990. Summary judgment on the remaining claims was granted on September 25, 1990, and final judgment was entered September 26, 1990.
 
 II.
 
 6
 The district court had jurisdiction under 28 U.S.C. § 1331 (federal questions) and 28 U.S.C. § 1343(a)(3) (civil rights). We have jurisdiction under 28 U.S.C. § 1291. A timely notice of appeal was filed.
 
 
 7
 Dismissal for failure to state a claim on which relief can be granted is reviewed de novo. Oscar v. University Students Co-operative Ass'n, 965 F.2d 783, 785 (9th Cir.1992) (en banc). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989).
 
 
 8
 Our review of summary judgment is governed by the same standard applicable in the trial court; we must determine, viewing the evidence in the light most favorable to the nonmoving party, whether the district court correctly applied the relevant substantive law. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 III.
 
 9
 We will discuss first the assignments of error relating to the district court's order of dismissal.
 
 A.
 
 10
 Appellants argue that the county officials' actions in the present case were nugatory, because these officials had not filed bonds as required by the California Government Code. Appellants at the same time vigorously deny that they have any cause of action based on this putative failure; they assert instead their "right and duty ... to test the jurisdiction of any of the parties as to their involvement in the actions." Reply Br. at 9.
 
 
 11
 The district court found this argument irrelevant to the federal cause of action, and so do we. Appellants' challenge to the officials' authority raises no federal question and involves no deprivation of federal constitutional rights. The court did not err in dismissing appellants' claims based on state-law bond requirements.
 
 B.
 
 12
 Appellants argue that the zoning appeal procedures employed in their case violated the Due Process Clause of the Fourteenth Amendment. They contend that they did not get a hearing before the Planning Commission or the Board of Supervisors. Reply Brief at 16-17. Appellees respond that the Planning Commission and the Board of Supervisors held public hearings on appellants' applications and heard testimony from C. Patrick Dugan and neighbors and received other evidence. Appellees' Brief at 5-6. Appellees state also that the Board of Supervisors held a hearing on September 12, 1989, continued to October 17, to October 24, and to November 7, to determine whether it would take jurisdiction of the Dugan appeal, and that at the November 7 hearing, appellants appeared through counsel, Bob Morton. Id. Under these circumstances, we are not persuaded their procedural due process claim has merit.
 
 C.
 
 13
 The complaint alleged that the appellees' actions constituted a taking. Appellants make only passing reference to this claim here. The Supreme Court has recently reaffirmed the rule that a landowner deprived of all economically beneficial uses of his or her property suffers a taking. Lucas v. South Carolina Coastal Council, 112 S.Ct. 2886, 2895 (1992). As the district court observed, appellants have not been deprived of all economically beneficial uses of their property.
 
 
 14
 Nor can it be said that the county's actions furthered no legitimate governmental interests; the interests protected by zoning regulations have long been recognized as legitimate. Penn Central Transp. Co. v. New York City, 438 U.S. 104, 129 (1978).
 
 IV.
 
 15
 We now consider the assignments of error relating to the district court's grant of summary judgment.
 
 
 16
 Appellants assert that the challenged county ordinances have been adjudicated unconstitutionally vague, and their brief contains this reference in support: "County of Santa Clara v. Peter Kuzinich, A0103033, 1 Civ. No. 51659 (Superior Ct. No. 460801), and County of Santa Clara v. Ascension M. Hayden, A013032, 1 Civ. No. 51658 (Superior Ct. No. 460802)." These decisions appear in none of the reporters or computer databases available to this court. However, this court has mentioned these cases in Kuzinich v. County of Santa Clara, 689 F.2d 1345 (9th Cir.1983), and this perhaps is the source for appellants' reference. These state and federal cases, however, involved Santa Clara County zoning ordinances affecting businesses selling or exhibiting sexually explicit materials and appear to have no relevance to the Santa Cruz County ordinances at issue here.
 
 
 17
 Appellants also argue that the ordinances here are unconstitutionally vague, because they do not set out clearly defined circumstances in which officials may grant permits. Appellants cite numerous California state cases involving regulation of adult bookstores and theaters. These cases stand for the proposition that statutes and ordinances authorizing officials to license conduct protected by the First Amendment must set forth definite, objective guidelines for the issuance of such licenses. Barry v. City of Oceanside, 107 Cal.App.3d 257, 260, 165 Cal.Rptr. 697, 698 (1980) (citing Perrine v. Municipal Court, 5 Cal.3d 656, 661, 97 Cal.Rptr. 320, 322, 488 P.2d 648, 650 (1971)). The present appeal concerns an addition to appellants' house. This is not conduct protected by the First Amendment.
 
 
 18
 A court considering a facial vagueness challenge to an official enactment that implicates no constitutionally protected conduct should find a constitutional violation "only if the enactment is impermissibly vague in all of its applications." Village of Hoffman Estates v. The Flipside, Hoffman Estates, Inc., 455 U.S. 489, 495 (1982). Appellants have neither attempted nor made such a showing here.
 
 
 19
 Finally, the denial of a variance did not violate the Equal Protection Clause of the Fourteenth Amendment. Appellants do not indicate what class of persons was denied equal protection of the laws. That some persons received variances while others did not does not violate the Constitution.
 
 V.
 
 20
 We have considered all contentions of the appellants, and we conclude that the district court did not err in its disposition.
 
 
 21
 AFFIRMED.
 
 
 
 *
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Section 18.10.340(c) of the Santa Cruz County Code provides:
 The Board of Supervisors will not take jurisdiction of an appeal and grant further review of a [decision of the Planning Commission] unless the Board is convinced that there was an error or abuse of discretion on the part of the Commission ...; or that there was a lack of a fair and impartial hearing; or that the decision appealed from is not supported by the facts presented and considered at the time the decision appealed from was made; or that there is significant new evidence relevant to the decision which could not have been presented at the time the decision appealed from was made; or that there is either error, abuse of discretion, or some other factor which renders the act done or determination made unjustified or inappropriate to the extent that a further hearing before the Board is necessary.